UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ANTHONY CHAPO
ARMENTEROS,

        Petitioner,

      v.

WARDEN FLORIDA SOFT SIDE
DETENTION CENTER, ACTING
SECRETARY MARKWAYNE
MULLIN, ACTING U.S. A.G. TODD
BLANCHE, TODD LYONS,
GARRET RIPA,

        Respondents.

Case No. 2:26-cv-1310-KCD-DNF

_____/

### **ORDER**

Petitioner Robert Anthony Chapo Armenteros is a citizen of Cuba. He was apprehended while entering the United States at the Texas border, and an immigration officer denied him admission. He was then released and lived freely under supervision in the United States. Earlier this year, Immigration & Customs Enforcement arrested him. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

10-11.)[2] Respondents concede that Armenteros is entitled to a bond hearing based on the Eleventh Circuit's recent decision, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). (Doc. 12.)[3] The Court agrees.

Since the Eleventh Circuit's decision, this Court has found that aliens who are stopped at the border and released into the country, like Armenteros, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026).

Armenteros seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Armenteros is an alien without lawful

---

[2] The habeas petition is not paginated, so the Court uses the page numbering generated by its electronic filing system.

[3] The Government does offer one procedural roadblock: exhaustion. By the Government's telling, Armenteros should have asked an immigration judge for a bond hearing before seeking relief in federal court. But that argument ignores the reality on the ground. Armenteros filed this case on April 22, 2026. It wasn't until May 6 that the Eleventh Circuit decided *Hernandez Alvarez*—the very case the Government now concedes entitles him to a hearing under § 1226(a). Before that decision, the agency's position was that interior aliens like Armenteros were simply ineligible for such relief. Demanding that he ask an immigration judge for a hearing he was essentially barred from receiving at the time is demanding an exercise in pure futility. We do not require petitioners to run administrative obstacle courses when the finish line is preemptively blocked. The failure to exhaust is therefore excused.

status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Armenteros with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Armenteros also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Armenteros with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Armenteros with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

3

**ORDERED** in Fort Myers, Florida on May 15, 2026.

Kyle C. Dudek
United States District Judge

4